MARRUS v. NEW HAVEN STEAMBOAT CO.

(City Court of New York, General Term.   November 21, 1899.)

CARRIERS OF GOODS—DELIVERY.
    A carrier is not liable to a consignor for a delivery of the goods to the consignee without his surrendering the bill of lading, where it did not have the word "order" written before or after the consignee's name, as required by the bill of lading, to make it obligatory on the carrier to refuse to deliver the goods without receiving the bill of lading, and where no claim of loss was made prior to the expiration of 30 days after delivery, as required by the bill of lading.

Appeal from trial term.

Action by Moses L. Marrus against New Haven Steamboat Company.  From a judgment dismissing the complaint, plaintiff appeals.  Affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY, J.

Horwitz & Samuels, for appellant.
William J. Kelly, for respondent.

FITZSIMONS, C. J.   This is an appeal from a judgment entered upon the dismissal of the complaint.  The action was one of trover to recover the value of certain goods delivered by the plaintiff to the defendant, to be carried by it and delivered to a third party. The bill of lading contained the provision that, "if the word 'order' was written thereon immediately before or after the name of the party to whom the property is consigned, without any addition or limitation other than the name of the party to be notified of the arrival of the property, the surrender of this bill of lading, properly indorsed, shall be required before the delivery of the property at the destination; if any other than the aforesaid form of contract is used herein, the said property may, at the option of the carrier, be delivered, without requiring the production or surrender of the bill of lading"; and also the further provision that any claim for loss must be made within 30 days, in writing, to the agent at the point of delivery.   Upon the trial it appeared that the goods were shipped on the 18th of March, and the letter for forwarding the bill of lading was not written until March 22d, and it only took about five hours for the transportation of the goods from New York to the point of destination, and there had been the delivery by the carrier before the receipt of the bill of lading.   But the bill of lading did not contain the word "order," as referred to in the stipulation in the contract, and the contention of the defendant was that it had the right to deliver as it did, and we think that the dismissal of the complaint was not error.   It did not appear that any complaint was made by the shipper or any other person within the 30 days fixed by the terms of the bill of lading, and, upon the whole case as presented to us by the record, we think the judgment appealed from should be affirmed.

    Judgment affirmed, with costs.

McCARTHY, J., concurs.